# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-271V
## (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JANICE BACON,                        *
                                     *      Special Master Corcoran
                                     *
               Petitioner,           *      Filed: July 16, 2019
                                     *
      v.                             *
                                     *      Attorney's Fees and Costs.
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                                     *
               Respondent.           *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 27, 2017, Janice Bacon ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from transverse myelitis ("TM") as a result of receiving the influenza ("flu") vaccine on October 23, 2015. The parties filed a stipulation for award on February 7, 2019, which I adopted as my Decision awarding damages on the same day. (ECF No. 46).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 5, 2019 (ECF No. 51) ("Fees App."), requesting a total award of $30,077.62 (representing $28,279.30 in fees, plus $1,773.62 in costs). Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $24.70 in pursuit of this litigation. *Id*. Respondent reacted to the motion on April 9, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 53, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$29,126.72**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

I have reviewed the rates requested by Petitioner for the work of the various attorneys who worked on her case (the billing records indicate that most of the attorney work was performed by

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Mr. Joseph Pepper, although Mr. Homer, Ms. Christina Ciampolillo, and Ms. Meredith Daniels also worked on the case) and I find the rates requested to be consistent with what I have previously awarded Conway, Homer, P.C. attorneys, and also consistent with the Office of Special Masters' fee schedules.[4] The only adjustment required is to Mr. Pepper's requested rate for 2019. I have recently considered Mr. Pepper's 2019 rate and determined that $325.00 per hour is reasonable for his work – not the requested rate herein of $331.00. *Curri v. Sec'y of Health & Human Servs.*, No. 17-432V, 2019 WL 2636032, at *2-3 (Fed. Cl. Spec. Mstr. May 28, 2019). Accordingly, I shall reduce the final award of attorney's fees by **$18.00**.[5]

Minor issues with the hours expended on this matter also necessitate a reduction in the total fees award. Such issues include time spent by paralegals on administrative tasks (such as receiving and preparing records to be reviewed by an attorney or law clerk), duplicative review of filings by two attorneys, and a vague entry of 1.0 hour on April 4, 2019 for "case finalization". *See generally* Fees App. Ex. 1. For these reasons, I will reduce the amount billed by **$932.90** to account for these entries. Petitioner is therefore entitled to final attorney's fees of **$27,328.40**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,798.32 in overall costs, representing attorney's costs of $1,773.62 and petitioner's costs of $24.70. Fees App. at 2. This amount is comprised of obtaining medical

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] ($331.00 per hour requested - $325.00 per hour awarded) * 3.0 hours = $18.00.

records, postage charges, the Court's filing fee, and costs incurred for travel by Petitioner's counsel to meet with Petitioner. Fees App. at 24-25. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$29,102.02** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Ronald Homer, Esq., and a total of **$24.70** as a lump sum in the form of a check payable to Petitioner. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.